IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL CHESEMORE, et al., ) | CASE NO. 1:10 MC 46 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| ALLIANCE HOLDINGS, INC., et al., ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION AND ORDER** |

On August 2, 2010, Plaintiffs filed this miscellaneous action, a Motion to Compel Production of Documents, against non-party Squire, Sanders & Dempsey, LLP ("Squire, Sanders"). (Docket #1.) On October 8, 2010, Plaintiffs filed a Second Motion to Compel Production of Documents and Proper Privilege Log from Squire, Sanders. (Docket #17.) After a careful review of the briefing on the limited fiduciary exception to the attorney-client privilege and an in camera review of the documents submitted by Squire, Sanders, the Court found the documents to be within the category of "communications with an attorney that are intended to assist in the administration of the plan." *Bland v. Fiatallis North America, Inc.*, 401 F.3d 779, 787 (7th Cir. 2005). Thus, the Court ordered the documents be disclosed to Plaintiffs. (Docket #24.)

Plaintiffs are dissatisfied with the universe of documents produced by Squire, Sanders,

and the fact that Squire, Sanders did not submit a privilege log. Squire, Sanders asserts that it has produced all responsive, non-privileged documents and that it does not possess any additional, responsive, non-privileged documents that have not already been produced by third parties. A status conference was held on March 2, 2011, and the Court requested the Parties submit an agreed statement defining any unresolved issues and that the Parties each file a brief articulating their position as to any unresolved issues. (Docket #27.) The Parties were unable to submit an agreed statement, and each filed a bench brief on the resolution of remaining issues related to Plaintiff's Motion to Compel. (Docket #s 29, 31 and 32.)

The Court has reviewed the Bench Briefs submitted by the Parties and finds there to be no basis, at this time, to order that Squire, Sanders produce additional documents or a separate privilege log. Pursuant to Fed. R. Civ. P. 26(b) provides that the Court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Beyond Plaintiff's speculation, there is no basis upon which to believe that additional document discovery from Squire, Sanders would yield information different from that already obtained.

## Conclusion

Based on the foregoing, Plaintiffs are not entitled to any additional discovery under the Motions to Compel previously addressed by this Court.

Accordingly, there being no other issue in this matter, Case No. 1:10-mc-46 is hereby TERMINATED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 24, 2011

-2-